**AHDOOT & WOLFSON, PC**
Tina Wolfson (State Bar No. 174806)
twolfson@ahdootwolfson.com
Theodore Maya (State Bar No. 223242)
tmaya@ahdootwolfson.com
1016 Palm Avenue
West Hollywood, California 90069
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

*Attorneys for Plaintiffs*
*(additional counsel on signature page)*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MARTINEZ and MALCOLM NEAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SNAPCHAT, INC.,<br><br>Defendant. | Case No. 16-cv-05182<br><br>**NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date: September 12, 2016<br>Time: 1:30 p.m.<br>Judge: Hon. Stephen V. Wilson<br>Courtroom 6, 2nd Floor |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that, on September 12, 2016, at 1:30 p.m., or as soon thereafter as this matter can be heard before the Honorable Stephen V. Wilson of the United States District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, CA 90012, Courtroom 6, 2nd Floor, will and do move the Court to remand this action to the Superior Court of California, County of Los Angeles. Defendant failed to meet its burden of establishing that the Court has subject matter jurisdiction over Plaintiffs' claims and, specifically, that Plaintiffs have suffered an injury-in-fact sufficient to confer standing under Article III of the United States Constitution.

This Motion to Remand is made in accordance with 28 U.S.C. § 1447 and is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Tina Wolfson ("Wolfson Decl."), and upon such oral argument and other submissions that may be presented at or before the hearing on this Motion. This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on July 26, 2016.  (Wolfson Decl. ¶ 4.)

Dated: August 2, 2016                        **AHDOOT & WOLFSON, PC**

                                             */s/ Tina Wolfson*
                                             Tina Wolfson
                                             twolfson@ahdootwolfson.com
                                             1016 Palm Avenue
                                             West Hollywood, California 90069
                                             Telephone: (310) 474-9111
                                             Facsimile: (310) 474-8585

                                             Katrina Carroll
                                             kcarroll@litedepalma.com
                                             Kyle A. Shamberg
                                             kshamberg@litedepalma.com
                                             **LITE DEPALMA GREENBERG, LLC**
                                             211 West Wacker Drive, Suite 500

Chicago, Illinois 60606
Telephone: (312) 750-1265

Ryan F. Stephan
rstephan@stephanzouras.com
Jorge Gamboa
jgamboa@stephanzouras.com
**STEPHAN ZOURAS, LLP**
205 North Michigan Avenue
Suite 2560
Chicago, Illinois 60601
Telephone: (312) 233-1550

*Attorneys for Plaintiffs and the Putative*
*Class*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

It is well-settled that a party seeking to invoke federal jurisdiction, including a removing defendant, bears the burden of establishing that the case may properly be heard in federal court.  Defendant Snapchat, Inc. ("Snapchat) removed this state law case to federal court without even contending, let alone establishing, that the Court has subject matter jurisdiction over Plaintiffs' claims.  Specifically, Snapchat's Notice of Removal contains no evidence, argument, or even allegation that Plaintiffs have suffered an injury-in-fact sufficient to confer standing under Article III of the United States Constitution. (Docket No. 1.)  This case should be remanded to state court in light of Snapchat's failure to meet its burden.

## FACTS AND PROCEDURAL BACKGROUND

On May 23, 2016, Plaintiffs Jose Luis Martinez and Malcolm Neal ("Plaintiffs") filed a Class Action Complaint against Snapchat in the Superior Court of the State of California for the County of Los Angeles, alleging that Snapchat's "Lenses" feature, which allows users to add real-time special effects and sounds to the "Snaps" and "Stories" they send through the app, violates the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.  See* ECF Doc. 1-1 (the "Complaint").  The Complaint sets forth a single claim of relief under the BIPA and does not include any claims arising under federal law.

Snapchat was served with the Complaint on June 16, 2016, and removed the case to this Court on July 14, 2016.  ECF Doc. 1 (Notice of Removal) at ¶ 9.  In the Notice of Removal, Snapchat states that removal to this Court on diversity of citizenship grounds is proper because the Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A).  *Id.* at ¶¶ 2-7.  However, Snapchat's Notice of Removal does *not* contend that Plaintiffs have standing in federal court under Article III of

the United States Constitution – in fact, the Notice is completely silent on this point. *See generally id.* And defense counsel has refused to concede that Plaintiffs meet Article III's requirements.

In the initial conversation between counsel on July 18, 2016, counsel for Plaintiffs, Tina Wolfson, stated that, because Snapchat removed the case to federal court, it necessarily concedes that Plaintiffs have Article III standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), and otherwise. Rosemarie Ring, counsel for Snapchat, responded, "not necessarily," or words to that effect. (Wolfson Decl. at ¶ 3.) When Ms. Wolfson pointed out the inherent contradiction in Snapchat's position – that it had removed a case to a court that it contended had no jurisdiction to hear the case – Ms. Ring was unable to provide an explanation and refused to concede Plaintiffs' standing under Article III. (*Id.*)

Although Plaintiffs inquired several times what Snapchat's position was with regard to plaintiffs' Article III standing, Snapchat has, to date, refused to directly answer this simple "yes or no" questions. During a subsequent conversation concerning the present motion on July 26, 2016, Ms. Ring refused to concede Article III standing. (*Id.* at ¶ 4.)

## ARGUMENT

### A. The Removing Defendant Has Failed to Meet Its Burden to Demonstrate Federal Jurisdiction, Including Article III Standing.

"In cases removed from state court, the removing defendant has 'always' borne the burden of establishing federal jurisdiction." *Abrego v. Dow Chem. Co*, 443 F.3d 676, 683 (9th Cir. 2006) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992)). While there is no presumption against removal jurisdiction in CAFA cases, there is also no burden shifting. *See Cisneros v. Lerner N.Y.*, 2016 U.S. Dist. LEXIS 98302, at *4 (C.D. Cal. July 25, 2016); *Abrego*, 443 F.3d at 685 (holding that "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction"). Thus,

as the removing party, Snapchat bears the burden of proving federal subject matter jurisdiction under CAFA by a preponderance of the evidence.  *See Lockhart v. Columbia Sportswear Co.*, No. 5:15-cv-02634-ODW, 2016 WL 2743481, at *3 (C.D. Cal. May 11, 2016) (citing *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013)).

As part of its jurisdictional showing, Snapchat is required to establish that Plaintiffs have standing under Article III. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("[t]he party invoking federal jurisdiction" bears the burden of establishing an injury-in-fact under Article III); *As You Sow v. Sherwin-Williams Co.*, No. C–93–3577–VRW, 1993 WL 560086, at *1 (N.D. Cal. Dec. 21, 1993) ("[T]he burden of proving that plaintiff has Article III standing is with the removing defendants.").  Not only has Snapchat made no attempt to make this showing – requiring remand in and of itself – it continues to store the "no standing" arrow in its quiver, with the apparent intent to use it in battle down the line.

Thus, in addition to running afoul of the legal principles discussed above, Snapchat's removal raises practical concerns for the Court and the parties and jeopardizes the efficient and economical resolution of this case.  Because Article III standing is a matter of subject matter jurisdiction, if the Court determines at any time, whether at the parties' behest or *sua sponte*, that standing is lacking, it *must* remand the case to state court.  *See* 28 U.S.C. § 1447(c); *see also Boyle v. MTV Networks, Inc.*, 766 F. Supp. 809, 816 (N.D. Cal. 1991) ("If Plaintiff lacks standing, this Court has no subject matter jurisdiction and must remand the case to state court").

By removing the case to federal court without meeting its burden of establishing an Article III injury-in-fact, Snapchat raises the very real possibility that the parties will spend significant time and effort litigating this case – and the Court will do the same in managing it – only to find themselves back at square one should the Court find at any point up to and including the time of trial that no subject matter jurisdiction exists.  This is an entirely unfair

and inappropriate outcome given Snapchat's failure to present even a colorable veneer of Article III standing in its Notice of Removal.

Snapchat will undoubtedly argue that Plaintiffs do not concede a *lack* of standing and have therefore not shown that this Court's exercise of jurisdiction over this case is *per se* improper.[1]  However, as explained above, that approach would shift the burden onto *Plaintiffs* – who filed their state law case in state court and never had any intention of invoking federal subject matter jurisdiction – to justify *Snapchat's* choice of forum.  If Snapchat wants to be in federal court, both the U.S. Supreme Court and the Ninth Circuit require that it carry its burden to demonstrate that federal jurisdiction is proper.  It has not done so – indeed, it has expressly reserved its right to contend that the Court does *not* have jurisdiction based on Plaintiffs' lack of standing, the very prerequisite to proper removal in the first place.

The Northern District of California made explicit, in *Envtl. World Watch, Inc. v. Am. Airlines, Inc.*, No. C05-1799 TEH, 2005 WL 1867728 (N.D. Cal. Aug. 3, 2005), that it is the removing party's jurisdictional showing that governs the Court's analysis on a Motion to Remand.  In that case, the plaintiff moved to remand to state court after defendants removed the case under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330 and 1441(d).  *Id.* at *1.  While the *Envtl. World Watch* plaintiff expressly took the position that it had *not* suffered an injury-in-fact under Article III, making federal jurisdiction improper, the court, in remanding the case, pointed to the *defendants'* failure to make the requisite jurisdictional showing:

---

[1] It is true that Plaintiffs are *not* conceding through the filing of this motion that they have not suffered an injury-in-fact and do not have standing under Article III.  But Plaintiffs' view is not the point – it is Snapchat who has invoked this Court's jurisdiction.

Section 1447(c) expressly states that a federal court shall remand a case back to state court if at any point prior to final judgment the court determines that there is a defect in subject matter jurisdiction. 28 U.S.C. §1447(c). Defendant Air New Zealand posits that Plaintiff's failure to cite authority on point that indicates a case removed under the FSIA must be remanded if it fails to present an Article III case or controversy is fatal to Plaintiff's motion. However, the burden falls on the removing party to show that the Court has jurisdiction. *Gaus*, 980 F.2d at 566. Defendant Air New Zealand has not directly addressed this Court's lack of standing and has failed to demonstrate that assuming subject matter jurisdiction under the FSIA does not violate Article III where there is no case or controversy between the parties. Since this Court lacks subject matter jurisdiction over all Defendants, including Air New Zealand, because of the defect in standing, the proper procedure is to remand this action back to San Francisco Superior Court.

*Id.* at *13; *see also Patton v. Experian Data Corp.*, No. SACV 15-1871 JVS, 2016 WL 2626801, at *6 (C.D. Cal. May 6, 2016) (remanding data breach case to state court for lack of Article III standing, noting that any attempted re-removal by defendants based on CAFA jurisdiction would be "contrary to well-settled Article III law and would raise substantial questions under Federal Rule of Civil Procedure 11"); *Barberi v. Garda Cash Logistics, Inc.*, No. 10cv880–WQH–POR, 2010 WL 2817235, at *5 (S.D. Cal. July 14, 2010) ("The Court concludes that *Defendants* have failed to satisfy *their* burden of establishing that removal is proper. Accordingly, the Motion to Remand is granted") (emphasis added).

To the extent Snapchat may suggest that dismissal, rather than remand, is the appropriate procedural response to its failure to establish federal jurisdiction, it would be dead wrong.  *See Bruns v. NCUA*, 122 F.3d 1251, 1257-58 (9th Cir. 1997) (finding that district court erred in dismissing case without prejudice, rather than remanding to state court, upon determining that it lacked subject matter jurisdiction); *see also Roach v. West Virginia Reg'l Jail & Correctional Auth*., 74 F.3d 46, 49 (4th Cir. 1996) (where subject matter jurisdiction is lacking, district court must remand to state court even if futile); *Smith v. Wisconsin Dep't of Agric*., *Trade and Consumer Protection*, 23 F.3d 1134, 1142 (7th Cir. 1994) (remand is mandatory under section 1447(c)); *Republic of Venezuela v. Philip Morris*, 287 F.3d 192, 196 (D.C. Cir. 2002) ("When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case.") (emphasis in original) (citing 28 U.S.C. § 1447(c)).

## B.  Plaintiffs Are Entitled to Fees and Costs Incurred with this Motion.

Under 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Accordingly, Plaintiffs request that they be given an opportunity to file a memorandum of costs and fees with the Court following hearing on this motion, establishing the amount of such fees and costs.

///

///

///

## CONCLUSION

Because removing Defendant Snapchat, Inc. has failed to meet its burden of establishing federal subject matter jurisdiction over this action, Plaintiffs respectfully request that the Court enter an Order remanding this case to Plaintiffs' original choice of forum, the Superior Court of the State of California for the County of Los Angeles, and awarding Plaintiffs fees and costs incurred in connection with this motion.

Dated: August 2, 2016                    **AHDOOT & WOLFSON, PC**

                                         _/s/ Tina Wolfson_
                                         Tina Wolfson
                                         twolfson@ahdootwolfson.com
                                         1016 Palm Avenue
                                         West Hollywood, California 90069
                                         Telephone: (310) 474-9111
                                         Facsimile: (310) 474-8585

                                         Katrina Carroll
                                         kcarroll@litedepalma.com
                                         Kyle A. Shamberg
                                         kshamberg@litedepalma.com
                                         **LITE DEPALMA GREENBERG, LLC**
                                         211 West Wacker Drive, Suite 500
                                         Chicago, Illinois 60606
                                         Telephone: (312) 750-1265

                                         Ryan F. Stephan
                                         rstephan@stephanzouras.com
                                         Jorge Gamboa
                                         jgamboa@stephanzouras.com
                                         **STEPHAN ZOURAS, LLP**
                                         205 North Michigan Ave, Suite 2560
                                         Chicago, Illinois 60601
                                         Telephone: (312) 233-1550

                                         _Attorneys for Plaintiffs and the Putative Class_