1 ROSEMARIE T. RING (State Bar No. 220769)
rose.ring@mto.com
2 JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
3 ANKUR MANDHANIA (State Bar No. 302373)
ankur.mandhania@mto.com
4 MUNGER, TOLLES & OLSON LLP
650 Mission Street,
5 Twenty-Seventh Floor
San Francisco, California 94105
6 Telephone: (415) 512-4000
Facsimile: (415) 512-4077
7
Attorneys for Snapchat, Inc.
8

9 UNITED STATES DISTRICT COURT

10 CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MARTINEZ and MALCOLM NEAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SNAPCHAT, INC.<br><br>Defendant. | Case No. 2:16-cv-05182-SVW-FFM<br><br>**Defendant Snapchat's Opposition to Plaintiffs' Motion to Remand to State Court**<br><br>Judge: Hon. Stephen V. Wilson<br>Date: September 12, 2016<br>Time: 1:30 PM<br>Crtrm.: 6, 2nd Floor |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................... 1

II. BACKGROUND ........................................................................................ 2

III. ARGUMENT .............................................................................................. 4

    A. Snapchat Was Not Required To Establish That Plaintiffs Have Article III Standing To Remove The Action. ........................................... 4

    B. Plaintiffs Do Not Identify Any Basis For Remand. ............................... 5

    C. None Of The Cases Cited By Plaintiffs Support Their Position. ........... 7

    D. The Court Should Deny Plaintiffs' Request For Fees and Costs ........... 9

IV. CONCLUSION .......................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*As You Sow v. Sherwin-Williams Co.*,
  1993 WL 560086 (N.D. Cal. Dec. 21, 1993) ........................................................ 8

*Barberi v. Garda Cash Logistics, Inc.*,
  2010 WL 2817235 (S.D. Cal. July 14, 2010) ....................................................... 9

*Carranza-Hernandez v. Altus Fin. Co.*,
  33 Fed. App'x. 364 (9th Cir. 2002) ...................................................................... 6

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
  135 S. Ct. 547 (2014) ........................................................................................... 4

*Duberry v. J.Crew Grp., Inc.*,
  2015 WL 4575018 (C.D. Cal. July 28, 2015) ...................................................... 7

*Envtl. World Watch, Inc. v. Am. Airlines, Inc.*,
  2005 WL 1867728 (N.D. Cal. Aug. 3, 2005) ................................................... 7, 8

*Kuxhausen v. BMW Fin. Servs. NA LLC*,
  707 F.3d 1136 (9th Cir. 2013) .............................................................................. 4

*In re Landmark Fence Co., Inc.*,
  801 F.3d 1099 (9th Cir. 2015) .............................................................................. 7

*Lee v. Am. Nat'l. Ins. Co.*,
  260 F.3d 997 (9th Cir. 2001) ................................................................................ 5

*Lockhart v. Columbia Sportswear Co.*,
  2016 WL 2743481 (C.D. Cal. May 11, 2016) ..................................................... 8

*Lussier v. Dollar Tree Stores*,
  518 F.3d 1062 (9th Cir. 2008) .............................................................................. 9

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005) ............................................................................................. 9

*McGrath v. Home Depot USA, Inc.*,
  298 F.R.D. 601 (S.D. Cal. 2014) ...................................................................... 5, 6

*Patton v. Experian Data Corp.*,
  2016 WL 2626801 (C.D. Cal. May 6, 2016) ............................................................ 8

*People's Bank v. Calhoun*,
  102 U.S. 256 (1880) ................................................................................................ 7

*Provost v. ILWU-PMA Welfare Plan*,
  2015 WL 470397 (C.D. Cal. Feb. 4, 2015) ............................................................ 6

*Reniger v. Hyundai Motor Am.*,
  122 F. Supp. 3d 888, 894 (N.D. Cal. 2015) ............................................................ 7

*Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*,
  -- F.3d. --, 2016 WL 3192594 (9th Cir. June 8, 2016) .......................................... 7

*Stathoulis v. City of Downey*,
  2011 WL 759559 (C.D. Cal. Feb. 24, 2011) .......................................................... 6

*United States v. Hays*,
  515 U.S. 737 (1995) ................................................................................................ 7

**FEDERAL STATUTES**

28 U.S.C § 1332 ............................................................................................... 4, 5, 9

28 U.S.C. § 1441 ................................................................................................ 2, 4, 5

28 U.S.C. § 1447(c) ........................................................................................ 1, 5, 6, 9

-iii-
SNAPCHAT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
CASE NO. 2:16-cv-05182-SVW-FFM

## I. INTRODUCTION

Plaintiffs bring this motion purporting to seek a remand of this action for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c), which provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  But Plaintiffs do not argue that this Court lacks subject matter jurisdiction, or even that subject matter jurisdiction appears to be lacking.  To the contrary, Plaintiffs' counsel have repeatedly represented to Snapchat's counsel that they believe there *is* Article III standing here.  Plaintiffs nonetheless argue for remand on the theory that Snapchat had to establish Article III standing in its removal petition by alleging facts showing that Plaintiffs suffered an injury-in-fact sufficient to confer Article III standing.  At bottom, Plaintiffs' position is this: a removing defendant must establish in its removal petition that the plaintiff has Article III standing or agree to waive all Article III standing defenses, and if the defendant does not, the federal court must address subject matter jurisdiction *sua sponte* right out of the gate.

That position is nonsense.  The plain text of the removal and remand statutes, and case law interpreting them, make clear that Snapchat was not required to establish Article III standing or to waive Article III standing defenses to remove the action, and that neither provides a basis for remand.  Plaintiffs do not cite a single case to the contrary.  And there is good reason for that.  The notion that a removing *defendant* must plead and prove the *plaintiff's* injuries in removal petitions gets the logical burden of proof backwards; would force courts to adjudicate fact-laden fights over injury even before initial pleadings are filed; and would deprive defendants who meet the statutory removal requirements of their right to a federal forum.  And while Plaintiffs may of course challenge standing after removal, their attempt to do so here despite the fact that they believe there is standing defies common sense.  The Court should deny the motion and proceed to adjudicate Snapchat's motion to compel arbitration.

-1-
SNAPCHAT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
CASE NO. 2:16-cv-05182-SVW-FFM

## II. BACKGROUND

On Wednesday, May 18, 2016, Plaintiffs' counsel filed an action in this Court, entitled *Siegal v. Snapchat, Inc.*, Case No. 2:16-cv-3444 SVW ("*Siegal*"). Declaration of Rosemarie T. Ring ("Ring Decl."), Ex. 1. They dismissed it two days later, on Friday, May 20, 2016, after it was assigned to The Honorable Stephen V. Wilson. On the next business day, Monday, May 23, 2016, Plaintiffs' counsel refiled the action in California state court, asserting the same claims, based on the same allegations, on behalf of the same putative class, but identifying different named plaintiffs, entitled *Martinez et al. v. Snapchat, Inc*.

On July 14, 2016, Snapchat timely removed *Martinez* back to this Court and filed a Notice of Related Cases, identifying *Martinez* as a "later-filed action" to *Siegal* and requesting assignment to Judge Wilson under Civil Local Rule 83-1.2.2. *See* Notice to Removal of Action Under 28 U.S.C. 1441 (ECF No. 1); Notice of Related Cases (ECF No. 3). *Martinez* was subsequently assigned to Judge Wilson. *See* Order Re Transfer Pursuant to General Order 14-03 (ECF No. 9).

That same day, Snapchat's counsel, Rosemarie Ring, called Plaintiffs' counsel, Tina Wolfson, to inform her of the removal and to request an extension of time to respond to the complaint. Ring Decl. ¶ 3. Ms. Wolfson asserted that removal "concedes" Article III standing and demanded to know if Snapchat was waiving all defenses related to Article III standing. *Id.* Ms. Ring responded, "Not necessarily."[1] *Id.*

---

[1] Ms. Ring also asked Plaintiffs' counsel to provide Plaintiffs' Snapchat usernames so Snapchat could identify their accounts and take steps to preserve their data per standard discovery rules. Ms. Wolfson initially agreed to provide the usernames. Ring Decl. ¶ 3. However, she subsequently reversed course. *Id.* ¶ 8. Despite several more requests, Plaintiffs' counsel still refuse to provide Snapchat with Plaintiffs' usernames or any other information that would allow Snapchat to identify their accounts and meet its preservation obligations. *Id.* ¶¶ 8-12.

Counsel spoke again on July 18, 2016. Ms. Wolfson informed Ms. Ring that, unless Snapchat agreed to waive all defenses related to Article III standing, Plaintiffs were going to file a motion asking the Court to rule on Article III standing. Ms. Ring explained to Ms. Wolfson that Snapchat had not conceded Article III standing by removing the action and would not agree to waive all Article III defenses, but that Snapchat did not plan to challenge Article III standing at this time. Ms. Ring asked if Plaintiffs were going to challenge Article III standing in their motion. Ms. Wolfson said no. She stated that Plaintiffs believe there is Article III standing and that the Court should resolve that issue "sooner rather than later." *Id.* ¶ 4. Ms. Ring said that she had never heard of such a motion, which seemed improper given Plaintiffs' position that Article III standing exists. *Id.* Ms. Wolfson said she was still "working out" what type of motion to file and what arguments to make. *Id.*

In a subsequent email, Ms. Wolfson stated that Plaintiffs were going to bring a "Motion for determination that the Court has subject matter jurisdiction under Article III, or, in the alternative, a motion to remand the case to state court, if the Court determines there is no subject matter jurisdiction." *Id.* ¶ 5. She again demanded that Snapchat "waive[s] any defenses related to Article III standing for the life of the case" to resolve Plaintiffs' motion. *Id.*

Finally, in another email several days later, Ms. Wolfson stated that Plaintiffs' counsel were "slightly revising the motion we will file" to a "Motion to Remand the case to state court because Defendant has failed to meet its burden on removal." *Id.* ¶ 8. And she again demanded that Snapchat "concede that there is Article III standing and [] waive this argument in this case." *Id.* On a telephone call the same day, Ms. Ring explained that Plaintiffs' threat to file a motion to remand unless Snapchat agreed to waive Article III standing defenses was without merit for the reasons set forth in this opposition. *Id.* ¶ 9. Plaintiffs filed the motion to remand on August 2, 2016 (ECF No. 17) ("Remand Motion").

## III. ARGUMENT

### A. Snapchat Was Not Required To Establish That Plaintiffs Have Article III Standing To Remove The Action.

Snapchat's petition for removal establishes that this Court has original jurisdiction of this action under CAFA. Plaintiffs do not dispute this, nor can they, but instead argue that Snapchat was also required to establish that Plaintiffs have suffered an injury-in-fact sufficient to confer Article III standing. Plaintiffs' contention is totally without merit.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Snapchat removed this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which provides in relevant part: "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." District courts therefore have original jurisdiction of any action that satisfies CAFA's requirements. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552 (2014) ("CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million."); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("Federal jurisdiction under CAFA has three elements: (1) there must be minimal diversity of citizenship between the parties, (2) the proposed class must have at least 100 members and (3) the amount in controversy must "exceed[ ] the sum or value of $5,000,000.").

Snapchat's notice of removal alleges facts showing that each of CAFA's requirements is met and therefore establishes that this Court has original jurisdiction of the action. The action was properly removed under section 1441(a).

### B. Plaintiffs Do Not Identify Any Basis For Remand.

Plaintiffs purport to move for remand under 28 U.S.C. § 1447(c), which provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." But notably, they do not argue that this Court lacks subject matter jurisdiction, or even that subject matter jurisdiction appears to be lacking. No doubt, that is because Plaintiffs believe that this Court *does* have subject matter jurisdiction, as they have repeatedly represented to Snapchat's counsel. Plaintiffs nevertheless attempt to escape from this Court (for the second time) by staying mum on the issue and arguing that the action should be remanded because Snapchat's petition for removal "contains no evidence, argument, or even allegation that Plaintiffs have suffered an injury-in-fact sufficient to confer standing under Article III[.]" Remand Motion at 1.

But Snapchat was not required to establish Plaintiffs' injury-in-fact, or any other aspect of Article III standing, to remove the action under section 1441(a). Plaintiffs' attempt to conflate the standards applicable to removal and remand is simply wrong. Judge Kozinski explained the distinction:

> Where the district court has "original jurisdiction" pursuant to section 1332, the case is removable and our inquiry ends. Only at the next step, when we ask whether the case should be remanded need we address questions of standing and other aspects of "subject matter jurisdiction."

*Lee v. Am. Nat'l. Ins. Co.*, 260 F.3d 997, 1008 (9th Cir. 2001) (Kozinski, J., concurring); *see also McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 605 (S.D. Cal. 2014) ("The Court first addresses whether it has 'original jurisdiction' over this action pursuant to [28 U.S.C.] section 1332, then addresses the questions Defendants raise over Plaintiff's standing to raise his UCL claims in federal court.").

Here, Snapchat's petition for removal establishes that the Court has original jurisdiction of the action under CAFA and therefore that the action was removable, ending the Court's inquiry on that issue. As for "the next step": That requires a party filing a motion arguing that subject matter jurisdiction is lacking, but Plaintiffs have not done that here. On the contrary, Plaintiffs' counsel initially filed the action in this Court, and they have repeatedly told Snapchat's counsel that they believe the Court has subject matter jurisdiction. Ring Decl. ¶¶ 3-5. They accordingly fail to establish any basis upon which to remand the action under section 1447(c).

Plaintiffs' position also ignores common practice and common sense. Defendants routinely remove cases and then file motions to dismiss arguing that the plaintiffs lack Article III standing, without any finding that the motion rendered the removal improper or waived standing arguments. *See, e.g., McGrath*, 298 F.R.D. at 611; *see also Carranza-Hernandez v. Altus Fin. Co.*, 33 Fed. App'x. 364, 364 (9th Cir. 2002) (affirming where "[f]ollowing removal, the district court dismissed Carranza's action for lack of jurisdiction and lack of standing."); *Provost v. ILWU-PMA Welfare Plan*, No. SACV 14–01982–CJC(DFMx), 2015 WL 470397, at *1 (C.D. Cal. Feb. 4, 2015) ("Ten days after filing its notice of removal, ILWU-PMA filed a motion to dismiss for lack of standing to bring an ERISA claim."); *Stathoulis v. City of Downey*, No. 2:11–cv–00577–JHN–AGRx, 2011 WL 759559, at *2 (C.D. Cal. Feb. 24, 2011) (Nguyen, J.) (noting that action had been removed to federal court and then dismissed for lack of standing). And, if removing defendants were required to establish Article III standing to remove a case, which they are not, why would such a requirement be limited to injury-in-fact as opposed to other elements of Article III standing, such as redressability and causation? Plaintiffs' position would vastly expand the scope of removal petitions and would force district courts to address subject matter jurisdiction *sua sponte* at the outset of every case. That is neither the law nor the prevailing practice in the federal courts.

Having failed to identify any basis for remand, Plaintiffs cast aspersions on Snapchat for refusing to waive all defenses related to Article III standing "for the life of the case" or to explain why Plaintiffs have suffered an injury-in-fact sufficient to confer Article III standing. This is impressive hypocrisy given that Plaintiffs are the ones raising the Article III standing issue and have not told the Court whether *they* think there is Article III standing. But in any event, both halves of Plaintiffs' attack are misplaced. Article III standing cannot be conceded or waived. *United States v. Hays*, 515 U.S. 737, 742 (1995); *see also Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, -- F.3d. --, 2016 WL 3192594, at *4 n.4 (9th Cir. June 8, 2016) ("the parties may not waive the lack of subject matter jurisdiction"); *In re Landmark Fence Co., Inc.*, 801 F.3d 1099, 1102 (9th Cir. 2015) ("it needs no citation of authorities to show that the mere consent of parties cannot confer upon a court of the United States the jurisdiction to hear and decide a case") (brackets omitted) (quoting *People's Bank v. Calhoun*, 102 U.S. 256, 260-61 (1880)). And absent a challenge by any party to Article III standing, Snapchat has no obligation to explain to Plaintiffs what injuries, if any, they have suffered. *Cf. Duberry v. J.Crew Grp., Inc.*, No. 2:14-CV-08810-SVW-MRW, 2015 WL 4575018, at *7 (C.D. Cal. July 28, 2015) (holding that, where defendant removed case under CAFA and then moved to dismiss for lack of subject matter jurisdiction, "the plaintiff always bears the burden of showing that federal jurisdiction is proper"); *Reniger v. Hyundai Motor Am.*, 122 F. Supp. 3d 888, 894 (N.D. Cal. 2015) ("the burden of showing standing is on the Plaintiff").

**C.     None Of The Cases Cited By Plaintiffs Support Their Position.**

Plaintiffs do not cite any case in which an action was remanded because the removing defendant did not establish Article III standing in its removal petition or subsequently refused to waive Article III standing defenses. Instead, Plaintiffs' cited cases involving actions that were remanded based on motions filed by the plaintiff or the defendant arguing that there was no Article III standing. *Envtl.*

*World Watch, Inc. v. Am. Airlines, Inc.*, No. C05-1799 TEH, 2005 WL 1867728, at *1 (N.D. Cal. Aug. 3, 2005) (granting remand motion brought by plaintiff because "Plaintiff has admittedly sustained no injury")[2]; *As You Sow v. Sherwin-Williams Co.*, No. C-93-3577-VRW, 1993 WL 560086, at *2 (N.D. Cal. Dec. 21, 1993) (granting remand motion filed by plaintiff who argued that it "lacks standing under Article III of the Constitution to pursue these state claims in federal court"); *Patton v. Experian Data Corp.*, No. SACV 15-1871 JVS, 2016 WL 2626801, at *4 (C.D. Cal. May 6, 2016) (granting motions to dismiss filed by defendants arguing that plaintiffs did not have Article III standing and remanding the case, *sua sponte*, because court therefore lacked subject matter jurisdiction).  Those cases do not even suggest, much less hold, that Snapchat had to plead and prove injury-in-fact in its removal petition.

      The two remaining cases cited by Plaintiffs do not address Article III standing at all.  In *Lockhart v. Columbia Sportswear Co.*, No. 5:15-cv-02634-ODW, 2016 WL 2743481 (C.D. Cal. May 11, 2016), the court held that a removing defendant bears the burden of establishing the requisite amount in controversy.  *Id.* at *3 ("When discussing the amount in controversy, a removing party cannot speculate, but must provide the underlying facts supporting its calculations.") (citation

---

[2] Plaintiffs point to a lengthy quotation from this case, which they argue shows that a removing defendant bears the burden of establishing Article III standing.  Remand Motion at 4-5.  Not so.  In that case, the removing defendant argued that the Foreign Sovereign Immunities Act ("FSIA") gives foreign sovereign defendants "an absolute right to a federal forum," even if they lack Article III standing.  2005 WL 1867728, at *2.  The court rejected that argument, holding that FSIA cases are subject to Article III standing requirements.  *Id.* at *3.  Thus, the case had nothing to do with whether a removing defendant must establish Article III standing upon removal.  The court decided only that an action in which both parties assert there is no Article III standing must be remanded to state court.  Because Plaintiffs do not concede that they lack Article III standing, and, have represented to Snapchat's counsel that Article III standing exists, this case is inapposite.

omitted). The amount-in-controversy requirement goes to whether a court has original jurisdiction under 28 U.S.C § 1332, and therefore supports Snapchat's position that that is all a removing defendant must show. Likewise, in *Barberi v. Garda Cash Logistics, Inc.*, No. 10-cv-880–WQH–POR, 2010 WL 2817235 (S.D. Cal. July 14, 2010), the court held that the removing defendant had not established that the plaintiff's state law claims were preempted by federal law. *Id.* at *5. Again, the issue was whether the removing defendant had established that the court had original jurisdiction over the plaintiff's claims, not Article III standing, and therefore the case supports Snapchat's position.

### D. The Court Should Deny Plaintiffs' Request For Fees and Costs

Plaintiffs' request for fees and costs under 28 U.S.C. § 1447(c) should be denied. "[A]bsent unusual circumstances, attorneys' fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorneys' fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Snapchat had an "objectively reasonable" basis for removal. Indeed, as shown in this opposition, Snapchat properly removed the action. Plaintiffs' theory that Snapchat had to plead and prove *Plaintiffs'* injury-in-fact in the removal petition is flat wrong, and Plaintiffs' request for fees and costs—like their motion—should be denied.

### IV. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' remand motion, as well as Plaintiffs' request for attorney's fees.

DATED: August 22, 2016

MUNGER, TOLLES & OLSON LLP
ROSEMARIE T. RING
JONATHAN H. BLAVIN
ANKUR MANDHANIA

By: /s/ Rosemarie T. Ring
ROSEMARIE T. RING
Attorneys for Snapchat, Inc.