**AHDOOT & WOLFSON, PC**
Tina Wolfson (State Bar No. 174806)
twolfson@ahdootwolfson.com
Theodore Maya (State Bar No. 223242)
tmaya@ahdootwolfson.com
1016 Palm Avenue
West Hollywood, California 90069
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

*Attorneys for Plaintiffs*
*(additional counsel on signature page)*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MARTINEZ and MALCOLM NEAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SNAPCHAT, INC.,<br><br>Defendant. | Case No. 2:16-cv-05182-SVW-FFM<br><br>**NOTICE OF MOTION AND MOTION TO CONTINUE DEFENDANT SNAPCHAT, INC.'S MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: September 19, 2016<br>Time: 1:30 p.m.<br>Judge: Hon. Stephen V. Wilson<br>Courtroom 6, 2nd Floor |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that, on September 19, 2016, at 1:30 p.m., or as soon thereafter as this matter can be heard before the Honorable Stephen V. Wilson of the United States District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, CA 90012, Courtroom 6, 2nd Floor, Plaintiffs Jose Luis Martinez and Malcolm Neal ("Plaintiffs") will and hereby do move the Court to vacate the current hearing date set for Defendant's motion to compel arbitration of Plaintiffs' claims in this action, and to continue that hearing until after Plaintiff's pending Motion to Remand is decided.

This Motion to Continue is made in accordance with Local Rule 7-11 and the Court's authority to control its docket, and is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Tina Wolfson ("Wolfson Decl."), the concurrently filed *Ex Parte* Application for an Order Shortening Time on this Motion to Continue, and upon such oral argument and other submissions that may be presented at or before the hearing on this Motion to Continue. This Motion to Continue is made following the conference of counsel pursuant to L.R. 7-3, which took place on August 15, 2016. (Wolfson Decl. ¶ 9.)

Dated: August 23, 2016                                    **AHDOOT & WOLFSON, PC**

*/s/ Tina Wolfson*
Tina Wolfson
twolfson@ahdootwolfson.com
1016 Palm Avenue
West Hollywood, California 90069
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg

kshamberg@litedepalma.com
**LITE DEPALMA GREENBERG, LLC**
211 West Wacker Drive, Suite 500
Chicago, Illinois 60606
Telephone: (312) 750-1265

Ryan F. Stephan
rstephan@stephanzouras.com
Jorge Gamboa
jgamboa@stephanzouras.com
**STEPHAN ZOURAS, LLP**
205 North Michigan Avenue
Suite 2560
Chicago, Illinois 60601
Telephone: (312) 233-1550

*Attorneys for Plaintiffs and the Putative Class*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **INTRODUCTION**

Plaintiffs Jose Luis Martinez and Malcolm Neal ("Plaintiffs") submit this memorandum of points and authorities in support of their Motion to Continue the Hearing on, and Briefing of, Defendant Snapchat, Inc.'s Motion to Compel Arbitration (the "Arbitration Motion"), until after the Court rules on Plaintiffs' pending motion to remand the case to state court. As explained further below, not only would concurrently briefing and arguing Snapchat's Arbitration Motion be an unnecessary expenditure of time and resources by the parties and this Court should the Court grant Plaintiffs' motion to remand, the Ninth Circuit has explained, in no uncertain terms, that a district court must first assure itself that its own jurisdiction has properly been established *before* issuing any order compelling the parties to arbitrate their dispute. Because Snapchat has failed to meet its jurisdictional burden on removal for the reasons fully set forth in Plaintiffs' motion to remand, Plaintiffs respectfully suggest that the Court should hold the hearing on Snapchat's Arbitration Motion in abeyance until it rules on the remand motion: if that motion is granted, the Arbitration Motion will be moot.

## **FACTS AND PROCEDURAL BACKGROUND**

On May 23, 2016, Plaintiffs filed a Class Action Complaint against Snapchat in the Superior Court of the State of California for the County of Los Angeles, alleging that Snapchat's "Lenses" feature, which allows users to add real-time special effects and sounds to the "Snaps" and "Stories" they send through the app, violates the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*. *See* ECF Doc. 1-1 (the "Complaint"). The Complaint sets forth a single claim of relief under the BIPA and does not include any claims arising under federal law.

Snapchat was served with the Complaint on June 16, 2016, and removed the case to

this Court on July 14, 2016. ECF Doc. 1 (Notice of Removal) at ¶ 9. In the Notice of Removal, Snapchat states that removal to this Court on diversity of citizenship grounds is proper because the Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A). *Id.* at ¶¶ 2-7. However, Snapchat's Notice of Removal does *not* contend that Plaintiffs have standing in federal court under Article III of the United States Constitution — in fact, the Notice is completely silent on this point. *See generally id.*

Accordingly, on August 2, 2016, Plaintiffs filed a motion to remand this matter to state court, arguing that Snapchat should not be permitted to remove the case to federal court, upending Plaintiffs' chosen, state-court forum, without even attempting to meet its burden of proving that the Court has subject matter jurisdiction over Plaintiffs' claims (and, in fact, reserving the right to argue that it *does not*). *See generally* ECF Doc. 17.

Shortly after Snapchat's removal and prior to the filing of Plaintiffs' motion to remand, counsel for Snapchat informed Plaintiffs' counsel that it would be filing a motion to compel arbitration, taking the position that Plaintiffs entered into a binding agreement to do so when they signed up for the Snapchat application.[1] *See* Declaration of Tina Wolfson ("Wolfson Decl.") at ¶ 5 and Exhibit B. In response, Plaintiffs took the position that their motion to remand should be heard prior to the motion to compel arbitration. *See id.* at Exhibits D and F. Plaintiffs suggested that this made sense for two reasons. First, in the interests of efficiency, it makes little sense for the parties to expend the time and resources briefing a motion to compel arbitration (and the Court to expend the time reviewing the briefs, researching the issues, and ruling on the motion), before ruling on the initial question of whether the case was even properly removed to this Court in the first place. Second, and

---

[1] Plaintiffs do not agree that this dispute is subject to mandatory arbitration.

even more importantly, the Ninth Circuit has made clear that a district court must have subject matter jurisdiction over a pending matter before it may issue an order compelling the parties to arbitrate. Consequently, unless and until the Court addresses the jurisdictional deficiencies in Snapchat's Notice of Removal, it should not (and, according to the Ninth Circuit, *cannot*) compel the parties to submit to binding arbitration.

Plaintiffs explained this position to defense counsel in writing, including citations to the relevant, governing case law. *See* Wolfson Decl. Exhs. D & F. In an effort to accommodate Snapchat's concern that it would waive its right to compel arbitration if it failed to do so by the responsive pleading deadline, Plaintiffs' counsel offered to agree to extend that deadline or, in the alternative, requested that Snapchat notice its motion to compel arbitration for a date that would allow the Court sufficient time to issue a ruling on the remand motion first. *Id.* However, counsel for Snapchat would not agree to any of these suggestions and insisted on filing its motion to compel arbitration on August 22, 2016, on which day this Plaintiffs also filed this Motion and the accompanying *Ex Parte* Application to Shorten Time.

## ARGUMENT

### I. The Requested Continuance Will Conserve the Parties and the Court's Time and Resources

The Court has inherent authority to manage the cases before it, which includes the authority to issue an appropriate stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance."); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Local Rule

7-11 specifically allows and contemplates orders continuing hearing dates, such as that requested here, and specifies that, unless an order specifies otherwise, an order continuing a hearing date also extends the time for filing opposition and reply papers. L.R. 7-11.

Morevoer, the factors that inform courts' decisions to stay actions support the present motion. "To evaluate whether to stay an action, the Court must weigh the competing interests that will be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Gorrell v. Sneath*, 2013 U.S. Dist. LEXIS 128476, 2013 WL 4828693, at *1 (E.D. Cal. Sept. 9, 2013) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55)).

Here, each of these factors weighs in favor of granting Plaintiffs' request for a brief continuance on Snapchat's Arbitration Motion. The "possible damage" accruing to Snapchat from the stay is minimal, if not non-existent. Should the Court ultimately deny Plaintiffs' motion to remand, it can issue a simultaneous order setting a hearing date on Snapchat's Arbitration Motion, with the applicable response and reply dates. Any delay would therefore be limited to a matter of weeks and would not result in any cognizable prejudice to Snapchat.

On the other hand, should the Court grant the remand motion, *both* parties will have undergone the hardship of researching, briefing, and (potentially) arguing a motion that will never be ruled upon by this Court if the continuance is denied. *See* Argument, Section II, *infra*. It is simply not an efficient use of the parties or the Court's resources to require Plaintiffs to respond to a motion that may prove unnecessary, particularly when Snapchat will not be harmed by the continuance.

Finally, by focusing the litigation at the outset on the threshold issue of whether Snapchat has adequately alleged Article III jurisdiction in its Notice of Removal, the Court will simplify the issues and questions of law before it. If the remand motion is granted, this case will go back to state court and all further proceedings, including any motion practice seeking to compel arbitration, will take place there. If it is denied, the Court will set a hearing date on the pending Arbitration Motion and the parties will be in a position to direct their attention to addressing that Motion *after* the Court has determined that it may properly hear and rule upon it.

## II. The Court Must First Establish Its Jurisdiction to Hear this Dispute Before Compelling the Parties to Arbitrate

Setting aside the case management benefits to be gained from continuing the hearing on the Arbitration Motion until the remand motion is decided, the Ninth Circuit has explained that a federal court *must* determine that it has jurisdiction over the parties' dispute *before* it can issue any order compelling arbitration. *See, e.g., Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group, Inc.*, 187 F.3d 1045, 1050 (9th Cir. 1999) ("It is well established that the FAA does not, on its own, provide a basis for federal question jurisdiction. Rather, § 4 of the FAA 'provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue'" (citation omitted)); *Kehr v. Smith Barney, Harris Upham & Co., Inc.*, 736 F.2d 1283, 1287 (9th Cir. 1984) ("Section 4 of the United States Arbitration Act enables a party aggrieved by another's refusal to arbitrate under a written agreement to petition any federal district court for an order compelling arbitration. A district court may employ this provision, however, only when an independent basis of federal jurisdiction already exists") (citing *Metro Indus. Painting Corp. v. Terminal Const. Co.,*

*Inc.*, 287 F.2d 382, 384 (2d Cir. 1961)).

As Plaintiffs argued in their motion to remand, as the removing party Snapchat was required to make a *prima facie* showing that this Court has jurisdiction over Plaintiffs' claims, including a showing that Plaintiffs have Article III standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("[t]he party invoking federal jurisdiction" bears the burden of establishing an injury-in-fact under Article III); *As You Sow v. Sherwin-Williams Co.*, 1993 U.S. Dist. LEXIS 18310, at *3 (N.D. Cal. Dec. 21, 1993) ("the burden of proving that plaintiff has Article III standing is with the removing defendants"). Snapchat has not even attempted to make such a showing. In fact, Snapchat removed the case to this Court while simultaneously reserving its right to seek dismissal on the ground that Plaintiffs *lack* Article III standing which, if credited, would render its removal frivolous.

Because Snapchat has failed to meet its jurisdictional burden on removal, Plaintiffs believe the case should be remanded to the state court in which Plaintiff originally filed this case. The Court must make this jurisdictional determination prior to considering and ruling upon Snapchat's Arbitration Motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs Jose Luis Martinez and Malcolm Neal respectfully request that the Court enter an Order continuing the hearing on Defendant Snapchat, Inc.'s motion to compel arbitration until after it has ruled on Plaintiffs' pending motion to remand to state court.

| | | |
|---|---|---|
| 1 | Dated: August 23, 2016 | **AHDOOT & WOLFSON, PC** |
| 2 | | |
| 3 | | <u>*/s/ Tina Wolfson*</u><br>Tina Wolfson |
| 4 | | twolfson@ahdootwolfson.com |
| 5 | | 1016 Palm Avenue<br>West Hollywood, California 90069 |
| 6 | | Telephone: (310) 474-9111<br>Facsimile: (310) 474-8585 |
| 7 | | |
| 8 | | Katrina Carroll<br>kcarroll@litedepalma.com |
| 9 | | Kyle A. Shamberg |
| 10 | | kshamberg@litedepalma.com<br>**LITE DEPALMA GREENBERG, LLC** |
| 11 | | 211 West Wacker Drive, Suite 500<br>Chicago, Illinois 60606 |
| 12 | | Telephone: (312) 750-1265 |
| 13 | | |
| 14 | | Ryan F. Stephan<br>rstephan@stephanzouras.com |
| 15 | | Jorge Gamboa<br>jgamboa@stephanzouras.com |
| 16 | | **STEPHAN ZOURAS, LLP**<br>205 North Michigan Avenue |
| 17 | | Suite 2560<br>Chicago, Illinois 60601 |
| 18 | | Telephone: (312) 233-1550 |
| 19 | | |
| 20 | | *Attorneys for Plaintiffs and the Putative Class* |