**AHDOOT & WOLFSON, PC**
Tina Wolfson (State Bar No. 174806)
twolfson@ahdootwolfson.com
Theodore Maya (State Bar No. 223242)
tmaya@ahdootwolfson.com
1016 Palm Avenue
West Hollywood, California 90069
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

*Attorneys for Plaintiffs*
*(additional counsel on signature page)*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MARTINEZ and MALCOLM NEAL, on behalf of themselves and all others similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>SNAPCHAT, INC.,<br><br>          Defendant. | Case No. 16-cv-05182<br><br>***EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME ON PLAINTIFFS' MOTION TO CONTINUE HEARING ON DEFENDANT SNAPCHAT, INC.'S MOTION TO COMPEL ARBITRATION**<br><br>Hearing date: None Per Court's Rules<br>Time:          N/A<br>Judge: Hon. Stephen V. Wilson<br>Courtroom 6, 2nd Floor |

---

### *EX PARTE* APPLICATION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Jose Luiz Martinez and Malcolm Neal ("Plaintiffs") hereby apply *ex parte* for an order shortening time on the Court's hearing of Plaintiffs' concurrently filed Motion to Continue Hearing on Defendant Snapchat, Inc.'s Motion to Compel Arbitration (the "Motion to Continue"). In the Motion to Continue, Plaintiffs request that the Court enter an Order continuing the hearing on Snapchat's motion to compel until after the Court has had an opportunity to rule on Plaintiffs' currently pending motion to remand this case to state court, to a date to be set by the Court in the event the motion to remand is denied. Plaintiffs ask that any opposition to the Motion to Continue be due on August 24, 2016, and that the Court rule upon the Motion to Continue on August 25.

Good cause exists to grant this *Ex Parte* Application in that, without an order shortening time, Plaintiffs' Motion will not be considered by the Court until after Snapchat's motion to compel arbitration, also filed today, has been fully briefed by the parties and prepared for hearing by the Court. In that event, the exact thing the Motion to Continue is intended to avoid — the potentially unnecessary investment of the parties' and the Court's time and resources in briefing, arguing, and deciding a premature motion to compel arbitration that will be moot if the Court remands this case — will occur and the Motion to Continue will be rendered moot. Plaintiffs are filing the Motion and this *Ex Parte* Application the same day Snapchat has filed its motion to compel arbitration. As set forth in the Motion and the accompanying Declaration of Tina Wolfson, Plaintiffs have made several attempts to secure Snapchat's agreement to hold its motion to compel in abeyance pending resolution of the motion to remand (or, alternatively, to notice the hearing on the motion to compel for a date sufficiently remote to allow the Court the opportunity to rule on the motion to remand) but Snapchat has refused to do so.

Specifically, Ms. Rosemarie Ring of Munger, Tolles & Olson LLP, counsel for Snapchat, has been notified of the substance and timing of these papers. Ms. Ring indicated Snapchat would oppose this *Ex Parte* Application as well as the Motion to Continue.

Ms. Ring's address is 560 Mission Street, San Francisco, CA 94105. Her phone number is (415) 512-4008.

This *Ex Parte* Application is based upon this Application, the accompanying Memorandum of Points and Authorities, Plaintiffs' Motion to Continue, the Declaration of Tina Wolfson, the records and files in this action, and such evidence and argument as may be presented at or before any hearing on Plaintiffs' Motion to Continue.

Dated: August 23, 2016                            **AHDOOT & WOLFSON, PC**

*/s/ Tina Wolfson*
Tina Wolfson
twolfson@ahdootwolfson.com
Theodore Maya
tmaya@ahdootwolfson.com
1016 Palm Avenue
West Hollywood, California 90069
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Along with this *Ex Parte* Application Plaintiffs have filed a motion with the Court (the "Motion to Continue") to continue the hearing and briefing on Snapchat, Inc.'s motion to compel arbitration, also filed today, until after the Court issues a ruling on Plaintiffs' pending motion to remand the matter to state court. The bases for Plaintiffs' Motion to Continue are set forth therein and in the accompanying Memorandum of Points and Authorities. Essentially, because Plaintiffs' remand motion raises a threshold jurisdictional question for the Court's consideration, the interests of efficiency — and the Ninth Circuit's holding that jurisdiction *must* be established *before* the issuance of any order compelling arbitration — dictate that the Court should defer any further briefing and decision on Snapchat's motion to compel until it has had the opportunity to rule upon the motion to remand. Should the remand motion be granted, the motion to compel will be rendered moot. Should the remand motion be denied, the Court may set a date for hearing Snapchat's motion to compel with the attendant dates for response and reply briefs, causing no prejudice to Snapchat.

Plaintiffs have submitted this *Ex Parte* Application seeking to shorten the time on the Motion because, if the Motion were decided according to the typical motion hearing timeline (concurrently with Snapchat's motion to compel arbitration, also filed today) the precise premature and possibly superfluous motion practice on Snapchat's motion to compel will already have occurred, defeating the very basis for Plaintiffs' Motion in the first place. Granting this *Ex Parte* Application will conserve the time and resources of the Court and the parties', allowing all involved to first address whether the case is even properly before this Court. Snapchat has noticed its motion to compel arbitration for a hearing on September 19, 2016 (ECF Doc. 21), and under Local Rule 7-9, Plaintiffs' opposition to that motion currently is due on August 29, 2016.

"Ex parte applications are a form of emergency relief that will only be granted upon

*EX PARTE* APPLICATION TO CONTINUE HEARING ON DEFENDANT SNAPCHAT, INC.'S MOTION TO COMPEL ARBITRATION 16-CV-05182

an adequate showing of good cause or irreparable injury to the party seeking relief." *Moore v. Chase, Inc.*, 2015 U.S. Dist. LEXIS 93430 (E.D. Cal. July 17, 2015) (quoting *Clark v. Time Warner Cable*, 2007 U.S. Dist. LEXIS 100716, 2007 WL 1334965, at *1 (C.D. Cal. May 3, 2007)); *see also Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). An *ex parte* application seeks to bypass the regular noticed motion procedure; consequently, the party requesting *ex parte* relief must establish a basis for giving the application preference. *See id.*

Here, Plaintiffs have not delayed in seeking this *ex parte* relief: After unsuccessfully conferring with counsel for Snapchat on multiple occasions regarding a variety of options for postponing its motion to compel arbitration until after the Motion to Remand is decided, Plaintiffs are filing this Application the same day that Snapchat filed its motion to compel. Granting the Application will cause little, if any, prejudice to Snapchat while conserving the resources of the parties and the Court. Though Plaintiffs believe their motion to remand should be granted, if the Court ultimately denies that motion then Snapchat will have the opportunity immediately thereafter to complete briefing on its motion to compel and receive a ruling from the Court. If the motion is granted then the relief requested through this Application will have saved the parties and the Court the time and effort of litigating a superfluous motion.

As described in the Declaration of Tina Wolfson, Snapchat's counsel has been given ample notice of this *Ex Parte* Application. Wolfson Decl. ¶ 9 & Exh. F. While Snapchat's counsel has stated that Snapchat intends to oppose this *Ex Parte* Application and the accompanying Motion, Snapchat cannot claim any prejudice from the orders Plaintiffs request; should the Court grant the requested relief, Snapchat only will be required to await the Court's ruling on Plaintiffs' pending motion to remand in order to proceed with its motion to compel, the exact procedure dictated by the Ninth Circuit. *See, e.g., Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group, Inc.*, 187 F.3d 1045, 1050 (9th Cir. 1999)

*EX PARTE* APPLICATION TO CONTINUE HEARING ON DEFENDANT SNAPCHAT, INC.'S MOTION
TO COMPEL ARBITRATION 16-CV-05182

("It is well established that the FAA does not, on its own, provide a basis for federal question jurisdiction. Rather, § 4 of the FAA 'provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue'" (citation omitted)).

Accordingly, Plaintiffs respectfully request that the Court issue the concurrently filed [Proposed] Order and grant Plaintiffs' requested *ex parte* relief, shortening time on Plaintiffs' Motion to Continue, and that the Court grant that Motion to Continue Snapchat's motion to compel arbitration.

Dated: August 23, 2016                    **AHDOOT & WOLFSON, PC**


                                          */s/ Tina Wolfson*
                                          Tina Wolfson
                                          twolfson@ahdootwolfson.com
                                          1016 Palm Avenue
                                          West Hollywood, California 90069
                                          Telephone: (310) 474-9111
                                          Facsimile: (310) 474-8585


                                          Katrina Carroll
                                          kcarroll@litedepalma.com
                                          Kyle A. Shamberg
                                          kshamberg@litedepalma.com
                                          **LITE DEPALMA GREENBERG, LLC**
                                          211 West Wacker Drive, Suite 500
                                          Chicago, Illinois 60606
                                          Telephone: (312) 750-1265


                                          Ryan F. Stephan
                                          rstephan@stephanzouras.com
                                          Jorge Gamboa
                                          jgamboa@stephanzouras.com
                                          **STEPHAN ZOURAS, LLP**

5

205 North Michigan Avenue
Suite 2560
Chicago, Illinois 60601
Telephone: (312) 233-1550

*Attorneys for Plaintiffs and the Putative Class*

6