ROSEMARIE T. RING (State Bar No. 220769)
rose.ring@mto.com
JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
ANKUR MANDHANIA (State Bar No. 302373)
ankur.mandhania@mto.com
MUNGER, TOLLES & OLSON LLP
650 Mission Street,
Twenty-Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for Snapchat, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MARTINEZ and MALCOLM NEAL, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>SNAPCHAT, INC.<br><br>    Defendant. | Case No. 2:16-cv-05182-SVW-FFM<br><br>**Defendant Snapchat's Opposition to Plaintiff's *Ex Parte* Application Shortening Time on Plaintiff's Motion to Continue**<br><br>Judge: Hon. Stephen V. Wilson<br>Date: August 23, 2016<br>Crtrm.: 6, Second Floor |

31799501.1

## I. INTRODUCTION

During the short lifespan of this action, Plaintiffs' counsel have shown no lack of imagination in trying evade this Court's reach.  This *ex parte* application—whose sole "emergency" justification is to spare Plaintiffs' counsel from having to oppose Snapchat's pending motion to compel arbitration—is just the latest example.  But their gamesmanship goes back to their very first filing.  After all, they initially filed the action in this Court, only to dismiss it days later as soon as they heard it had been assigned to The Honorable Stephen V. Wilson and refile in state court the next business day identifying new named plaintiffs.  Then, when Snapchat removed the action back to this Court, they ginned up a frivolous motion to remand for lack of jurisdiction *even though they themselves believe this Court has jurisdiction*.  *See* Snapchat Opp. to Mot. Remand at 2-3.  Next, Plaintiffs refused to disclose their Snapchat usernames—a refusal clearly designed to block Snapchat from moving to compel arbitration, but one that has the side effect of making it impossible for Snapchat to preserve Plaintiffs' account data.  *See* Snapchat Mot. to Compel at 7.  Finally, Plaintiffs now invoke this Court's *ex parte* procedures—procedures reserved for emergencies—to stave off Snapchat's motion to compel arbitration.

Plaintiffs' *ex parte* application is clearly improper.  The nearly 100 pages of motions, briefs and declarations they filed last night do not reveal any emergency that would make *ex parte* relief appropriate.  Instead, they reveal that Plaintiffs will do everything possible to complicate this action in the hopes that they can escape this Court—and a ruling ordering them to arbitrate their claims, as they agreed to do.

Snapchat will address Plaintiffs' frivolous and vexatious conduct in a motion for sanctions to be filed shortly.  For now, however, the Court should deny Plaintiffs' *ex parte* application and proceed to adjudicate Snapchat's motion to compel arbitration.

## II. ARGUMENT

Courts deny *ex parte* relief unless the moving party demonstrates it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and "it is established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Liang v. Nguyen*, No. CV 08-8211 PSG (JCX), 2009 WL 514073, at *2 (C.D. Cal. Feb. 26, 2009) (citations omitted). To demonstrate irreparable prejudice, the moving party must "refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial." *Costner v. MRA Funding Corp.*, No. CV 09-649 PSG (EX), 2009 WL 1106815, at *1 (C.D. Cal. Apr. 23, 2009) (citation and quotation marks omitted). Here, Plaintiffs cannot demonstrate irreparable prejudice, both because their motion to continue the hearing on Snapchat's motion to compel arbitration is meritless and because the harm it purportedly seeks to avoid—ordinary litigation expense—does not justify *ex parte* relief. And Plaintiffs are directly responsible for the so-called "serious jurisdictional issues" they say requires a continuance. Indeed, those issues have been conjured up by Plaintiffs' counsel for illegitimate purposes.

### A. Plaintiffs Cannot Demonstrate Irreparable Prejudice

#### 1. The Motion to Continue is Meritless

Plaintiffs argue that the hearing on Snapchat's motion to compel arbitration should be continued because Plaintiffs' motion to remand "raises serious jurisdictional issues," and the Court must assure itself of its jurisdiction before deciding Snapchat's motion. Pl's Mot. to Continue Hearing on Def's Mot. to Compel Arbitration at 3 (ECF No. 22)("Motion to Continue"). Plaintiffs' motion to remand raises no such "serious jurisdictional issues" in this case. As explained in Snapchat's opposition, Plaintiffs do not argue that subject matter jurisdiction over the action is lacking, or even that it appears to be lacking, and therefore do not establish any basis for remand. Instead, Plaintiffs argue that Snapchat was required

to establish that Plaintiffs have Article III standing in its removal petition, even though the plain text of the removal and remand statutes, and case law interpreting them, make clear there is no such requirement and Plaintiffs do not cite a single case to the contrary; Plaintiffs' counsel have repeatedly represented to Snapchat's counsel that they believe subject matter jurisdiction exists; and Plaintiffs' counsel initially filed the action in this Court. *See* Def's Opp. to Pl's Mot. to Compel Remand at 5 (ECF No. 20).

Plaintiffs' motion to continue, like their motion to remand, is meritless. The cases cited by Plaintiffs, holding that the Court must assure itself of subject matter jurisdiction before deciding a motion to compel arbitration, are inapposite because the plaintiffs in those actions were challenging the court's subject matter jurisdiction. Here, there is no such challenge.

## 2.     Ordinary Litigation Expense Does Not Justify *Ex Parte* Relief

According to Plaintiffs, if the hearing on Snapchat's motion is not continued, they will suffer the "irreparable injury" of having to oppose the motion. This ordinary litigation expense is not prejudicial under any standard, much less the exacting standard applied to *ex parte* applications, which this Court cautions is available "solely for extraordinary relief." New Case Order, Judge Stephen V. Wilson, at 3; *see also, e.g.*, *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 653 (W.D. Wash. 2015) (rejecting arguments under weaker "undue prejudice" standing based on having to engage in "new discovery and legal analysis" because the "asserted prejudice amounts to little more than the ordinary burdens of defending a lawsuit"); *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221, at *4 (N.D. Cal. June 8, 2011) (collecting cases and noting that "[m]any courts, however, have concluded that incurring litigation expenses does not amount to an irreparable harm."); *Ravenswood City Sch. Dist. v. J.S.*, No. C 10-03950 SBA, 2010 WL 4807061, at *5 (N.D. Cal. Nov. 18, 2010) ("As for the expenditure of attorneys' fees, the law is clear that the inability to

recoup such costs is insufficient to show irreparable harm."). Plaintiffs' claim of irreparable prejudice also is ironic given that the nearly 100 pages of motions, briefs and declarations they filed last night likely took as much effort (if not more) than simply opposing Snapchat's motion to compel in the ordinary course.

### 3. Plaintiffs Created The Situation They Say Requires *Ex Parte* Relief

Plaintiffs' motion to remand was conjured up by Plaintiffs' counsel in a failed attempt to create a jurisdictional issue where none exists. Plaintiffs' counsel then attempted and failed to prevent Snapchat from filing a motion to compel arbitration by refusing to provide Plaintiffs' Snapchat usernames. And now they seek to avoid having to oppose that motion by pointing back to their frivolous remand motion. Any prejudice Plaintiffs feel they will suffer by having to oppose Snapchat's motion to compel arbitration is the result of their own scheming and blatant abuse of process and therefore is undeserving of *ex parte* relief.

*******************

As this Court has explained, "filing an *ex parte* motion, whether of the pure or hybrid type, is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Plaintiffs' *ex parte* application does not contain smoke, let alone fire. It should be denied.

## III. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' *Ex Parte* Application for an Order Shortening Time on Plaintiffs' Motion to Continue Hearing on Defendant Snapchat, Inc.'s Motion to Compel Arbitration.

1  DATED: August 23, 2016       MUNGER, TOLLES & OLSON LLP
2                                 ROSEMARIE T. RING
                                  JONATHAN H. BLAVIN
3                                 ANKUR MANDHANIA
4
5
6                              By:      /s/ Rosemarie T. Ring
                                     ROSEMARIE T. RING
7                              Attorneys for Snapchat, Inc.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-5-
OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION SHORTENING TIME
Case No. 2:16-cv-05182-SVW-FFM